FILED

2011 Dec-30 AM 11:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **DIANNE FANT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NUMBER** |
| | ) | _____ |
| | ) | |
| **STATE FARM MUTUAL** | ) | |
| **AUTOMOBILE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | | |
| **Defendants.** | | |

## C O M P L A I N T

### (PARTIES)

1.      The Plaintiff, Dianne Fant, is over the age of nineteen (19) years and a resident citizen of the State of Alabama.

2.      The Defendant, State Farm Mutual Automobile Insurance Company, is a firm, partnership or corporation doing business in the State of Alabama, with its principal place of business in Bloomington, Illinois.

### (JURISDICTION)

3.      Jurisdiction in this case is based upon 28 U.S.C. 1332 (Diversity). Plaintiff avers that the amount in controversy exceeds seventy-five thousand dollars

($75,000.00), exclusive of interests and costs. Plaintiff avers that she is a resident of the State of Alabama and the Defendant, State Farm Mutual Automobile Insurance Company is a corporation formed in Illinois with its principal place of business in the state of Illinois.

### (FACTS)

4.      On or about the 22nd day of December, 2009, upon a public highway, to wit: Alabama Highway 70 and McDow Road in Shelby County, Alabama, the Plaintiff, while a passenger in a vehicle, was struck by a vehicle being operated by Fred Walker.

5.      As a proximate consequence of the negligence or wantonness of Fred Walker, the Plaintiff, Diane Fant, suffered the following injuries and damages:

      (a)      she was caused to suffer physical pain and mental anguish;

      (b)      she was caused to seek medical treatment and was prevented from going about her normal activities;

      (c)      she was permanently injured;

      (d)      she was caused to undergo surgical intervention to treat her injuries;

      (e)      she was caused to incur medical expenses to treat and cure her injuries;

(f)    she was caused a loss of earning potential;

(g)    she was caused to incur lost wages, and

(h)    she was caused to be injured all to her detriment.

6.    The Tortfeasor's liability insurance policy limits have been exhausted and the Plaintiff makes this claim under the underinsured motorist provisions of both her own automobile insurance policy and that of the driver of the vehicle in which she was a passenger. The Plaintiff avers that Fred Walker is an underinsured motorist.

7.    At the time of the collision Jamie Sparacino, the driver and owner of the vehicle in which the Plaintiff was a passenger; had in full force and effect a policy of insurance issued by the Defendant, State Farm Mutual Automobile Insurance Company which provided the Plaintiff with underinsured motorist benefits under Jamie Sparacino's policy of insurance. The Plaintiff avers that Fred Walker is an underinsured motorist as defined by this policy.

8.    At the time of the collision the Plaintiff had in full force and effect a policy of insurance issued by the Defendant, State Farm Mutual Automobile Insurance Company. The Plaintiff avers that Fred Walker is an underinsured motorist as defined by this policy.

9.    The Plaintiff avers that the Defendant has failed to pay underinsured motorist benefits to the Plaintiff.

-3-

WHEREFORE, the Plaintiff demands judgment against the Defendant, State

Farm Mutual Automobile Insurance Company for those damages sustained by the

Plaintiff up to the amount of insurance provided by the Defendants.

**FARRIS, RILEY & PITT, L.L.P.**
Attorney for Plaintiff

*s/ Kirby D. Farris*
Kirby D. Farris
Suite 400, Massey Building
2025 3rd Avenue North
Birmingham, Alabama 35203
(205) 324-1212

Serve Defendant:

State Farm Mutual Automobile Insurance Company          (Certified Mail)
c/o Tom Lakin
100 State Farm Parkway
Birmingham, Alabama 35297-0001